IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1458-09






TAWIN SPENCE, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


LUBBOCK COUNTY





 Meyers, J., filed a dissenting opinion in which Hervey, J., joined.



DISSENTING OPINION 



 Texas Transportation Code Section 502.404(a) says: 

 A person commits an offense if the person operates on a public highway
during a registration period a passenger car or commercial motor vehicle
that does not display two license plates, at the front and rear of the vehicle,
that have been:

 (1) assigned by the department for the period; or

 (2) validated by a registration insignia issued by the department that
establishes that the vehicle is registered for the period. 

The only thing about this statute that is clear is that it is not well written. 

 The court of appeals in this case held that "one complies with § 502.404 of the
Transportation Code when the license is affixed somewhere in the foremost or beginning
area of the car." Spence v. State, 296 S.W.3d 315, 318 (Tex. App.-Amarillo 2009). The
majority agrees and concludes that "the plain language of Texas Transportation Code §
502.404(a) requires that a license plate be displayed at the foremost part or front of a
vehicle, most commonly the front bumper." The majority's definition, however, is
inconsistent with the placement of the rear license plate, which is usually on the trunk or
tailgate. Therefore, if the majority is correct that front means "foremost part" or "front
bumper," then there is a discrepancy in the statute with how the front and back plates are
displayed since rear licence plates are not displayed on the back bumper. So front means
"front bumper" but rear does not mean "rear bumper"? I prefer to believe that if the
legislature meant front bumper then it would have said "bumper" in the statute. I would
also like to point out that a vehicle must have a light to illuminate the rear license plate,
while there is no requirement that the front license plate be illuminated. Compare Tex.
Transp. Code §547.322(f) (stating, "A taillamp or a separate lamp shall be constructed
and mounted to emit a white light that: (1) illuminates the rear license plate; and (2)
makes the plate clearly legible at a distance of 50 feet from the rear.") with Tex. Transp.
Code §547.321. To me, this indicates more leeway in the placement of the front license
plate. 

 I agree with State v. Lasoya that, "While a place to display the license plate is
usually found on the front bumper, the statute does not expressly require the use of this
location. The display of the plate in some other place or manner is not inconsistent with
the language or purpose of the statute." 128 S.W.3d 413, 416 (Tex. App.-Austin 2004,
pet. ref'd).

 The court of appeals asserts that placing the license plate in the front windshield
makes it "much harder" for police "to focus on several areas (as opposed to one) when a
car drives past at traveling speeds." Spence, 296 S.W.3d at 318. But officers must look
at the front windshield anyway to see if the license plates that are displayed have a valid
registration. (1) I realize that the officer in this case testified that an alternative reason he
pulled Appellant over was that when the car was parked in the driveway it was blocking
the sidewalk. But this was just a parking violation, which goes to the car, not to the
driver. If the officer so desired, he could have written a parking ticket and placed it under
the windshield wiper of the illegally parked car, at which time he would have clearly seen
the license plate displayed in the front windshield. 

CONCLUSION

 Using the majority's logic, the rear of the vehicle would be the back bumper. But
as we all know, 90% of all vehicles do not display the license plate on the back bumper,
they are usually on the tailgate or trunk. I would construe front and rear to mean any
surface facing that direction. Therefore, I respectfully dissent.


 Meyers, J.


Filed: September 15, 2010

Publish


1. Registration stickers used to be displayed on the license plate but are now displayed
inside the front windshield. Section 502.180(d) says, "Except as provided by Subsection (h), the
registration insignia for validation of a license plate shall be attached to the inside of the
vehicle's windshield, if the vehicle has a windshield, within six inches of the place where the
motor vehicle inspection sticker is required to be placed. If the vehicle does not have a
windshield, the owner, when applying for registration or renewal of registration, shall notify the
department, and the department shall issue a distinctive device for attachment to the rear license
plate of the vehicle."